**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BREEO LLC, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. _____ |
| vs. | : | |
| | : | |
| SAM'S WEST INC. AND | : | |
| RANKAM VDG INDUSTRIES | : | |
| LTD | : | |
| Defendants | : | |

## COMPLAINT

Plaintiff, Breeo LLC ("Plaintiff" or "Breeo"), by and through its attorneys, Barley Snyder

LLP, for its Complaint against defendants Sam's West Inc. dba Sam's Club and Rankam VDG

Industries Ltd. Dba Rankam Group. (collectively "Defendants"), alleges, on knowledge as to its

own actions, and otherwise upon information and belief, as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under 35 U.S.C. § 271, unfair

competition and false designation under 15 U.S.C. §1125(a), and deceptive acts or practices

under the laws of the Commonwealth of Pennsylvania, and 54 Pa.C.S. §1126, all arising from

Defendants' production and sales of a smokeless wood fire pit.  Defendants' sale of the fire pits

has infringed and continues to infringe on each of the following patents owned by Breeo: U.S.

Patent No. D914,172 (the "'172 Patent"), U.S. Patent No. D918,357(the "'357 Patent"), U.S.

Patent No. D919,777 (the "'777 Patent"), U.S. Patent No. D926,950 (the "'950 Patent"), and

U.S. Patent No. D927,659 (the "'659 Patent") (collectively the "Breeo Patents").  The

Defendants' fire pit violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) for unfair

competition and false designation of origin based on its infringing trade dress and the infringement constitutes unfair competition under Pennsylvania common law.

## THE PARTIES

2.      Breeo LLC is a Pennsylvania limited liability company having a principal place of business at 5002 Lincoln Highway, Kinzers, PA 17535.

3.      Defendant Sam's West Inc dba Sam's Club ("Sam's Club") is an Arkansas corporation having a principal place of business at 3500 SE Club Blvd Bentonville, AR, 72712.

4.      On information and belief, Defendant Rankam VDG Industries Ltd. Dba Rankam Group Limited("Rankam") is corporation organized and existing under the laws of the state of California, having a principal place of business at 1618 West Rosecrans Avenue, Gardena, California 90249.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1332, 1338(a), 1367 and Section 39 of the Lanham Act, 15 U.S.C. § 1121.

6.      This Court has personal jurisdiction over Defendants by virtue of the fact that Defendants conduct substantial business in Pennsylvania.

7.      Defendants purposefully avail themselves of the privilege of conducting business in the Commonwealth of Pennsylvania, and in their advertising and sale of products in Pennsylvania that gives rise to this action, in part.

8.      Defendants' unlawful and tortious conduct complained of herein has caused, and continues to cause, injury to Plaintiff within Pennsylvania and this District.

9.      Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

10.    Breeo designed and developed a smokeless fire pit with a top flange that includes a covered hollow air inlet arm on the bottom of the fire pit to enable oxygen to feed the fire after ash build up.  The smokeless fire pit also utilizes a double wall design that heats air which exits at the top of the double wall through holes around the rim resulting in a design that provides more oxygen to the fire resulting in secondary combustion or reburn and the elimination of smoke.

11.    Plaintiff has invested significant time, energy, and money advertising, promoting, and selling the products that are patented under the Breeo Patents, as well as ensuring the high quality of products it sells under the Breeo Patents.

12.    The Breeo Patents are generally directed to a fire pit having a main body with a floating fire box that is supported from above by a top flange that allows the fire box to move down when heated and includes an air inlet assembly carried by the bottom wall inside the main body to evenly distribute inlet air to the fire while limiting clogging from ash.  A copy of the Breeo Patents is attached hereto as Exhibits A, B, C, D and E.

13.    Since its inception into commerce, the Breeo X Series smokeless fire pit (originally the "Phoenix") has become inherently distinctive to consumers based on the aesthetic configuration of its features, including: (1) rectangular legs positioned along the vertical length of the exterior of the fire box; (2) a flanged top plate; and (3) legs and flange plate that protrude out from the circular body.  This aesthetic combination forms the overall appearance that is distinctive from any other non-infringing fire pits in the industry.

14.    Breeo products are manufactured in the United States.  Breeo's manufacturing facility in Lancaster, Pennsylvania provides jobs to the local community.  Breeo's Pennsylvania-

10786605.1

based manufacturing has allowed Breeo to be more nimble in designing, building, and testing its

smokeless fire pit products and to provide higher quality assurance.

15.     In 2017, Breeo had seven employees.  By 2020, Breeo had grown to a team of 50

employees.  Today, the Breeo product portfolio includes smokeless firepits, cooking accessories,

fireside furniture, and miscellaneous campfire products.  Manufacturing continues to be located

in the Lancaster, PA area, with Breeo employing just under 100 individuals.

16.     The United States Patent and Trademark Office ("PTO") granted Breeo multiple

patents, including the patents-in-suit, in recognition of Breeo's innovative designs and smokeless

fire pit technology.  Using its patented designs and technology, Breeo manufactures a superior

smokeless fire pit product that provides its customers a more enjoyable fire pit experience.

17.     Breeo sells X Series Smokeless fire pits in the three sizes, 19 inches, 24 inches,

and 30 inches.  Photographs of an X 19, X 24, and X30 fire pits are shown below:



18.     The X Series smokeless fire pits have become inherently distinctive to consumers

and has complied with the marking requirements of 35 U.S.C. § 287(a) at all relevant times.

19.     Defendants manufacture and sell a fire pit with a double wall design and holes

around the rim (the "Member's Mark Product" or "Infringing Product"), which also has a main

body with a floating fire box that is supported from above by a top flange that infringe the

patents-in-suit. See https://www.samsclub.com/p/members-mark-36-inch-extra-large-smokeless-

wood-fire-pit/prod27311234.  Like the X Series Products, the Member's Mark Product uses an air inlet assembly carried by the bottom wall inside the main body of the fire box.  A photograph of the Infringing Product is shown below.



20.     Upon information and belief, Defendants designed the Infringing Product to appear and function substantially similar to the X Series Products.

21.      Defendants designed the Infringing Product using Breeo's patented designs to replicate the outstanding performance provided by the X Series Products' Patented designs.

22.     Breeo notified Defendants of their infringement of the patents-in-suit via correspondence starting on May 9, 2023 which notified Defendants' manufacture and sale of Member's Mark Product infringed trade dress and certain patents owned by Breeo.  Breeo requested that Defendants cease and desist promoting, marketing, manufacturing, distributing, and selling the Infringing Products and remove them from its website.

23.     In response to Breeo's letter, Defendants represented that "Breeo and Rankam previously discussed Breeo's claims, including in-depth analysis that Breeo did not respond to."

However, Plaintiff notes that the Member's Mark Product is a different product than what was previously discussed between the parties and failed to address the patents-in-suit with respect to the Infringing Product.

## THE PATENTS-IN-SUIT

24.     Breeo incorporates by reference the preceding paragraphs as if fully set forth herein.

25.     On March 23, 21, the '172 patent, titled "Fire Pit," was duly and legally issued by the PTO.  A true and correct copy of the '172 patent is attached hereto as Exhibit A.

26.     On May 24, 2021, the '357 patent, titled "Fire Pit," was duly and legally issued by the PTO.  A true and correct copy of the '357 patent is attached hereto as Exhibit B.

27.     On May 18, 2021, the '777 patent, titled "Fire Pit," was duly and legally issued by the PTO.  A true and correct copy of the '777 patent is attached hereto as Exhibit C.

28.     On August 3, 2021, the '950 patent, titled "Fire Pit," was duly and legally issued by the PTO.  A true and correct copy of the '950 patent is attached hereto as Exhibit D.

29.     On August 10, 2021, the '659 patent, titled "Fire Pit," was duly and legally issued by the PTO.  A true and correct copy of the '659  patent is attached hereto as Exhibit E.

30.     Breeo is the owner and assignee of all right, title, and interest in the patents-in-suit.  Breeo holds the right to sue for and collect all damages for infringement of the patents-in-suit, including past infringement.

31.     The '172 Patent claims the ornamental design for a fire pit consisting of extending legs that protrude from a smooth cylindrical exterior wall and extend to a flange toward the top of the firepit, as shown below and described in the patent.  The face of the '172 Patent includes a depiction of the patented design (with claimed elements highlighted):

10786605.1



FIG. 1

32.     The '357 Patent claims the ornamental design for a fire pit consisting of a smooth cylindrical exterior wall forming a firewood receiving chamber and a flange toward a top of the wall, as shown below and described in the patent.  The face of the '357 Patent includes a depiction of the patented design (with claimed elements highlighted):



FIG. 1

33.     The '777 Patent claims the ornamental design for a fire pit consisting of a smooth cylindrical exterior wall forming a firewood receiving chamber and legs extending downward from the cylindrical exterior wall, as shown below and described in the patent.  The face of the '777 patent includes a depiction of the patented design (with claimed elements highlighted):

7



FIG. 1

34.     The '950 Patent claims the ornamental design for a fire pit consisting of a smooth cylindrical exterior wall and legs extending downward from the cylindrical exterior wall, as shown below and described in the patent.  The face of the '950 patent includes a depiction of the patented design (with claimed elements highlighted):



FIG. 1

8

35.     The '659 Patent claims the ornamental design for a fire pit consisting of a smooth cylindrical exterior wall, a circular flange positioned on top of the wall, and legs extending downward from the cylindrical exterior wall, as shown below and described in the patent.  The face of the '659 patent includes a depiction of the patented design (with claimed elements highlighted):



FIG. 1

36.     Since Breeo began selling its product, the X Series Products have acquired distinctiveness among consumers who are able to identify Breeo's X Series Products by their aesthetic configuration as follows: (1) legs positioned along the body of the fire box, (2) a floating fire box, (3) a flanged top plate, and (4) the flanged top plate protrudes out from the body of the fire box.  This aesthetic combination is distinctive from any other non-infringing fire pits in the industry.

37.     Non-infringing fire pits avoid using Breeo's visually distinctive hollow, vertical, rectangular legs that run the length of the circular fire box from the ground to the top plate

10786605.1

overhanging the fire pit opening on both the interior and exterior of the opening.  Examples of non-infringing fire pits are shown below:



38.    Defendants' Infringing Product also includes legs positioned along the body of the fire box, a floating fire box, and a flanged top plate that protrudes from the body of the fire box.

39.    The X Series Products includes features that are nonfunctional and distinct from any other fire pits in the industry, which have made Breeo a target of many copycats, including Defendants .

40.    Defendants' Infringing Product uses designs that are clearly intended to look substantially similar to Breeo's Products resulting in confusion to the marketplace as to the source of the firepit sold by Defendants, and thereby trade off of Breeo's established good will and reputation in the marketplace.

### COUNT I
### INFRINGEMENT OF THE '172 PATENT

41.    Breeo incorporates by reference the preceding paragraphs as if fully set forth herein.

42.    The '172 patent is valid and enforceable.

43.    Defendants infringed the '172 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, offering to sell, and selling the Infringing Product.

44.     Defendants induced infringement of the '172 Patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally selling or otherwise supplying the Infringing Product with the knowledge and intent that third parties will use, sell, and/or offer for sale the Infringing Product.

45.     Defendants contributed to infringement of the '172 Patent under 35 U.S.C. § 271(c) by selling and/or offering for sale the Infringing Product, knowing that the Infringing Product constitutes a material part of the design covered by the '172 Patent, knowing that the Infringing Product are especially made or adapted to infringe the '172 Patent, and knowing that the Infringing Product is not staple articles of commerce suitable for substantial non-infringing use.

46.     Defendants had actual knowledge of the '172 Patent at least as early as May 9, 2023, when Breeo notified Defendants of infringement by of correspondence.

47.     Defendants willfully infringe the '172 Patent by continuing to make, offer to sell, and sell the Infringing Product despite having actual knowledge of the '172 Patent.

48.     The Infringing Product infringes the '172 Patent because the Infringing Product include each and every feature of the claim of the '172 Patent.

49.     For example, the below tables compare the Infringing Product to the ornamental appearance of the design protected by the '172 patent:

11

| '172 Patent | Member's Mark Product |
|---|---|
|  | |

| '172 Patent | Member's Mark Product |
|---|---|
|  | |

50.     The Infringing Product has an ornamental appearance that is substantially the same to the ornamental appearance of the design protected by the '172 Patent.

10786605.1

51.     Consumers are likely to be confused into thinking that the Infringing Product is the same design that is protected by the '172 Patent.

52.     An ordinary observer who is familiar with prior art to the '172 Patent would be deceived into thinking that the Infringing Product were the same as the design that is protected by the '172 patent.

53.     Breeo has been and continues to be damaged and irreparably harmed by Defendants' infringement of the '172 Patent.

54.     Defendants' infringement of the '172 Patent will continue unless this Court enjoins the infringement.

55.     Breeo has no adequate remedy at law.

56.     Under 35 U.S.C. §§ 284 or 289, Breeo is entitled to recover (i) damages adequate to compensate for Defendants' infringement or (ii) Defendants' total profit, but not less than $250.

57.     Defendants' infringement of the '172 Patent has been, and continues to be, deliberate, willful, and knowing.

58.     The Court should declare this an exceptional case under 35 § U.S.C. 285, entitling Breeo to recover treble damages and attorneys' fees.

## COUNT II
## INFRINGEMENT OF THE '357 PATENT

59.     Breeo incorporates by reference the preceding paragraphs as if fully set forth herein.

60.     The '357 patent is valid and enforceable.

61.     Defendants infringed the '357 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, offering to sell, and selling the Infringing Product.

10786605.1

62.     Defendants induced infringement of the '357 Patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally selling or otherwise supplying the Infringing Product with the knowledge and intent that third parties will use, sell, and/or offer for sale the Infringing Product.

63.     Defendants contributed to infringement of the '357 Patent under 35 U.S.C. § 271(c) by selling and/or offering for sale the Infringing Product, knowing that the Infringing Product constitutes a material part of the design covered by the '357 Patent, knowing that the Infringing Product are especially made or adapted to infringe the '357 Patent, and knowing that the Infringing Product is not staple articles of commerce suitable for substantial non-infringing use.

64.     Defendants had actual knowledge of the '357 Patent at least as early as May 9, 2023, when Breeo notified Defendants of infringement by of correspondence.

65.     Defendants willfully infringe the '357 Patent by continuing to make, offer to sell, and sell the Infringing Product despite having actual knowledge of the '357 Patent.

66.     The Infringing Product infringes the '357 Patent because the Infringing Product include each and every feature of the claim of the '357 Patent.

67.     For example, the below tables compare the Infringing Product to the ornamental appearance of the design protected by the '357 patent:

10786605.1

| '357 Patent | Member's Mark Product |
|---|---|



| '357 Patent | Member's Mark Product |
|---|---|



68.     The Infringing Product has an ornamental appearance that is substantially the same to the ornamental appearance of the design protected by the '357 Patent.

69.    Consumers are likely to be confused into thinking that the Infringing Product is the same design that is protected by the '357 Patent.

70.    An ordinary observer who is familiar with prior art to the '357 Patent would be deceived into thinking that the Infringing Product were the same as the design that is protected by the '357 patent.

71.    Breeo has been and continues to be damaged and irreparably harmed by Defendants' infringement of the '357 Patent.

72.    Defendants' infringement of the '357 Patent will continue unless this Court enjoins the infringement.

73.    Breeo has no adequate remedy at law.

74.    Under 35 U.S.C. §§ 284 or 289, Breeo is entitled to recover (i) damages adequate to compensate for Defendants' infringement or (ii) Defendants' total profit, but not less than $250.

75.    Defendants' infringement of the '357 Patent has been, and continues to be, deliberate, willful, and knowing.

76.    The Court should declare this an exceptional case under 35 § U.S.C. 285, entitling Breeo to recover treble damages and attorneys' fees.

<u>**COUNT III**</u>
<u>**INFRINGEMENT OF THE '777 PATENT**</u>

77.    Breeo incorporates by reference the preceding paragraphs as if fully set forth herein.

78.    The '777 patent is valid and enforceable.

79.    Defendants infringed the '777 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, offering to sell, and selling the Infringing Product.

16

80. Defendants induced infringement of the '777 Patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally selling or otherwise supplying the Infringing Product with the knowledge and intent that third parties will use, sell, and/or offer for sale the Infringing Product.

81. Defendants contributed to infringement of the '777 Patent under 35 U.S.C. § 271(c) by selling and/or offering for sale the Infringing Product, knowing that the Infringing Product constitutes a material part of the design covered by the '777 Patent, knowing that the Infringing Product are especially made or adapted to infringe the '777 Patent, and knowing that the Infringing Product is not staple articles of commerce suitable for substantial non-infringing use.

82. Defendants had actual knowledge of the '777 Patent at least as early as May 9, 2023, when Breeo notified Defendants of infringement by of correspondence.

83. Defendants willfully infringe the '777 Patent by continuing to make, offer to sell, and sell the Infringing Product despite having actual knowledge of the '777 Patent.

84. The Infringing Product infringes the '777 Patent because the Infringing Product include each and every feature of the claim of the '777 Patent.

85. For example, the below tables compare the Infringing Product to the ornamental appearance of the design protected by the '777 patent:

10786605.1





86.    The Infringing Product has an ornamental appearance that is substantially the same to the ornamental appearance of the design protected by the '777 Patent.

87.     Consumers are likely to be confused into thinking that the Infringing Product is the same design that is protected by the '777 Patent.

88.     An ordinary observer who is familiar with prior art to the '777 Patent would be deceived into thinking that the Infringing Product were the same as the design that is protected by the '777 patent.

89.     Breeo has been and continues to be damaged and irreparably harmed by Defendants' infringement of the '777 Patent.

90.     Defendants' infringement of the '777 Patent will continue unless this Court enjoins the infringement.

91.     Breeo has no adequate remedy at law.

92.     Under 35 U.S.C. §§ 284 or 289, Breeo is entitled to recover (i) damages adequate to compensate for Defendants' infringement or (ii) Defendants' total profit, but not less than $250.

93.     Defendants' infringement of the '777 Patent has been, and continues to be, deliberate, willful, and knowing.

94.     The Court should declare this an exceptional case under 35 § U.S.C. 285, entitling Breeo to recover treble damages and attorneys' fees.

## COUNT IV
## INFRINGEMENT OF THE '950 PATENT

95.     Breeo incorporates by reference the preceding paragraphs as if fully set forth herein.

96.     The '950 patent is valid and enforceable.

97.     Defendants infringed the '950 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, offering to sell, and selling the Infringing Product.

98.     Defendants induced infringement of the '950 Patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally selling or otherwise supplying the Infringing Product with the knowledge and intent that third parties will use, sell, and/or offer for sale the Infringing Product.

99.     Defendants contributed to infringement of the '950 Patent under 35 U.S.C. § 271(c) by selling and/or offering for sale the Infringing Product, knowing that the Infringing Product constitutes a material part of the design covered by the '950 Patent, knowing that the Infringing Product are especially made or adapted to infringe the '950 Patent, and knowing that the Infringing Product is not staple articles of commerce suitable for substantial non-infringing use.

100.    Defendants had actual knowledge of the '950 Patent at least as early as May 9, 2023, when Breeo notified Defendants of infringement by of correspondence.

101.    Defendants willfully infringe the '950 Patent by continuing to make, offer to sell, and sell the Infringing Product despite having actual knowledge of the '950 Patent.

102.    The Infringing Product infringes the '950 Patent because the Infringing Product include each and every feature of the claim of the '950 Patent.

103.    For example, the below tables compare the Infringing Product to the ornamental appearance of the design protected by the '950 patent:





104.    The Infringing Product has an ornamental appearance that is substantially the same to the ornamental appearance of the design protected by the '950 Patent.

105.    Consumers are likely to be confused into thinking that the Infringing Product is the same design that is protected by the '950 Patent.

106.     An ordinary observer who is familiar with prior art to the '950 Patent would be deceived into thinking that the Infringing Product were the same as the design that is protected by the '950 patent.

107.     Breeo has been and continues to be damaged and irreparably harmed by Defendants' infringement of the '950 Patent.

108.     Defendants' infringement of the '950 Patent will continue unless this Court enjoins the infringement.

109.     Breeo has no adequate remedy at law.

110.     Under 35 U.S.C. §§ 284 or 289, Breeo is entitled to recover (i) damages adequate to compensate for Defendants' infringement or (ii) Defendants' total profit, but not less than $250.

111.     Defendants' infringement of the '950 Patent has been, and continues to be, deliberate, willful, and knowing.

112.     The Court should declare this an exceptional case under 35 § U.S.C. 285, entitling Breeo to recover treble damages and attorneys' fees.

## COUNT V
## INFRINGEMENT OF THE '659 PATENT

113.     Breeo incorporates by reference the preceding paragraphs as if fully set forth herein.

114.     The '659 patent is valid and enforceable.

115.     Defendants infringed the '659 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, offering to sell, and selling the Infringing Product.

116.     Defendants induced infringement of the '659 Patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally selling or otherwise supplying the Infringing Product with

22

the knowledge and intent that third parties will use, sell, and/or offer for sale the Infringing Product.

117. Defendants contributed to infringement of the '659 Patent under 35 U.S.C. § 271(c) by selling and/or offering for sale the Infringing Product, knowing that the Infringing Product constitutes a material part of the design covered by the '659 Patent, knowing that the Infringing Product are especially made or adapted to infringe the '659 Patent, and knowing that the Infringing Product is not staple articles of commerce suitable for substantial non-infringing use.

118. Defendants had actual knowledge of the '659 Patent at least as early as May 9, 2023, when Breeo notified Defendants of infringement by of correspondence.

119. Defendants willfully infringe the '659 Patent by continuing to make, offer to sell, and sell the Infringing Product despite having actual knowledge of the '659 Patent.

120. The Infringing Product infringes the '659 Patent because the Infringing Product include each and every feature of the claim of the '659 Patent.

121. For example, the below tables compare the Infringing Product to the ornamental appearance of the design protected by the '659 patent:

| '659 Patent | Member's Mark Product |
|---|---|



| '659 Patent | Member's Mark Product |
|---|---|



122.   The Infringing Product has an ornamental appearance that is substantially the same to the ornamental appearance of the design protected by the '659 Patent.

123.    Consumers are likely to be confused into thinking that the Infringing Product is the same design that is protected by the '659 Patent.

124.    An ordinary observer who is familiar with prior art to the '659 Patent would be deceived into thinking that the Infringing Product were the same as the design that is protected by the '659 patent.

125.    Breeo has been and continues to be damaged and irreparably harmed by Defendants' infringement of the '659 Patent.

126.    Defendants' infringement of the '659 Patent will continue unless this Court enjoins the infringement.

127.    Breeo has no adequate remedy at law.

128.    Under 35 U.S.C. §§ 284 or 289, Breeo is entitled to recover (i) damages adequate to compensate for Defendants' infringement or (ii) Defendants' total profit, but not less than $250.

129.    Defendants' infringement of the '659 Patent has been, and continues to be, deliberate, willful, and knowing.

130.    The Court should declare this an exceptional case under 35 § U.S.C. 285, entitling Breeo to recover treble damages and attorneys' fees.

## COUNT IV:
## <u>UNFAIR COMPETITION UNDER THE LANHAM ACT</u>

131.    Breeo repeats and realleges all foregoing paragraphs as if fully set forth herein.

132.    Defendants' use of the aesthetic configurations of the X Series Products, which have acquired distinctiveness in the marketplace, to promote, market, or sell its products or services in direct competition with Breeo constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).

133.    The X Series Products incorporate a trade dress comprising a distinct "look and feel" of elements.  The trade dress includes an arrangement of rectangular, hollow legs covering the exterior of a circular shaped fire pit and extending to the top of the fire pit. This section of the legs is not essential to the use or purpose of the fire pit or the cost or quality of the fire pit. Rather, it is used specifically for ornamentation and distinguishing the X Series Products from competitors.  The X Series Products also includes a top flange that covers the top edge of the circular fire pit that is strictly nonfunctional and ornamental, as compared to Breeo products with a functional built-in sear plate rim.  This flange is also not essential to the use or purpose of the fire pit or the cost or quality of the fire pit and is integrated with the aforementioned leg sections to complete a distinctive look.  Hence, the Breeo X Series Products use complimentary shapes to create clean lines and a stylish product that has a contemporary aesthetic feel that can be proven is distinguishable from any prior fire pit by consumers in the marketplace.

134.    Prior to Defendants beginning to manufacture sell the Infringing Product, consumers had come to associate the distinctive "look and feel" of the X Series Products with Breeo.

135.    Through its widespread and favorable acceptance and recognition by the consuming public, the "look and feel" of Breeo's Series X Products has become an asset of substantial value as a symbol of Breeo's high quality product and its goodwill. Accordingly, Breeo has established valid and enforceable rights in the trade dress of the X Series Products, as described above.

136.    Through its promotional efforts, business conduct, and continuous use of the X Series design and trade dress, Breeo has developed customers throughout the United States.

137.    Notwithstanding Breeo's preexisting valid and enforceable rights in the trade dress of the X Series Products, Defendants , without permission or approval, is using the X Series Products' trade dress to offer and sell its Member's Mark Product in the United States, including Pennsylvania.

138.    Breeo and Defendants offer their respective products to the same relevant customer base in the same geographic locations.

139.    Defendants' unauthorized use of the "look and feel" of the X Series Products results in a "knock off" product that is likely to cause consumer confusion and mistake, and to deceive consumers as to the source, origin, or affiliation of Defendants' Infringing Product.

140.    Breeo has a discernible interest in the trade dress of the X Series Products and has been, and continues to be, injured by Defendants' unauthorized and unlawful use of Breeo's trade dress.

## COUNT VII
## COMMON LAW UNFAIR COMPETITION

141.    Breeo repeats and realleges all foregoing paragraphs as if fully set forth herein.

142.    Defendants' manufacture and sale of the Infringing Product constitutes passing off and is likely to confuse the public about the source of its product or otherwise suggest an affiliation with Breeo.

143.    Defendants' production and sale of the Infringing Product has caused Breeo to suffer actual damages.

## CLAIM FOR RELIEF

Breeo respectfully requests that this Court award the following relief:

A.    Enter a permanent injunction enjoining and restraining Defendants from manufacturing, producing, advertising, or selling the Infringing Product;

10786605.1

B.      An accounting and judgment against Defendants for all profits or other income received from or in connection with the Infringing Product;

C.      Damages sustained by Plaintiff on account of Defendant's infringement, unfair competition, false designation of origin, including lost profits and damages for lost goodwill;

D.      Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement;

E.      Declaring that this is an exceptional case pursuant to 35 U.S.C.§ 285 and awarding Plaintiff its costs and reasonable attorneys' fees thereunder.
Declare that

F.      Declare that Defendants willfully infringed Plaintiff's trade dress in violation of 15 U.S.C. 1125(a);

G.      Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums;

H.      Awarding such other and further relief as the Court deems just and proper; and

I.      A jury trial is demanded.

BARLEY SNYDER

By:    _/s/ Matthew M. Hennesy_____
        Matthew M. Hennesy, Esquire
        Court ID No. 307020
        Joseph R. Falcon, Esquire
        Court ID No. 94658
        126 East King Street
        Lancaster, PA 17602-2893
        717-399-1579
        MHennesy@barley.com
        Attorneys for Plaintiff
        Breeo LLC

28